UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                    :
ADAM LACERDA,                       :
                                    :
          Petitioner,               :    Civ. No. 22-0026 (NLH)
                                    :
    v.                              :    OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
          Respondent.               :
_____:
```

APPEARANCES:

Brandon Creighton Sample, Esq.
Brandon Sample PLC
1701 Pennsylvania Avenue NW
# 200
Washington, DC 20006-4823

    Attorneys for Petitioner

Philip R. Sellinger, United States Attorney
R. David Walk, Assistant U.S. Attorney
United States Attorney's Office for the District of New Jersey
401 Market Street, 4th Floor
PO Box 2098
Camden, NJ 08101

    Attorneys for Respondent

HILLMAN, District Judge

    Respondent United States filed a motion requesting an

"Order authorizing [Petitioner Adam] Lacerda's first and second

trial counsel, Marc Neff, Esquire, and Mark Cedrone, Esquire, to

talk with the United States about Lacerda's allegations of

ineffective assistance of counsel in his 28 U.S.C. § 2255

motion, supporting brief, and declaration."  ECF No. 8.

Petitioner opposes the motion.  ECF No. 10.  For the reasons that follow, the motion will be granted in part.

I.  BACKGROUND

Petitioner filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 on January 3, 2022. ECF No. 1.  The Court screened the motion under Habeas Rule 4 and concluded that an answer from the United States was warranted.  ECF No. 5.  On February 24, 2022, the United States filed a letter requesting a 60-day extension to file its answer. ECF No. 6.  The Court granted the request and extended the time to answer until May 6, 2022.  ECF No. 7.

On April 28, 2022, the United States filed a motion requesting permission to interview Petitioner's prior counsel regarding Petitioner's claims of ineffective assistance of counsel.  ECF No. 8.  It also requested that the Court extend its time to answer to four weeks after the Court resolved the motion.  Id.  Petitioner filed a motion to extend its time to respond to the motion, ECF No. 9, followed shortly by its opposition to Respondent's request to interview trial counsel, ECF No. 10.  The Court accepted Petitioner's opposition as timely filed and stayed the merits briefing schedule pending a resolution of the United States' motion.  ECF No. 11.

II.  DISCUSSION

The United States seeks to interview Petitioner's former attorneys about the claims of ineffective assistance of counsel raised in Petitioner's § 2255 motion.  It argues that "[b]y raising ineffective assistance claims, Lacerda has waived his attorney-client privilege and work product privilege with respect to any communications or work product that pertain to his claims."  ECF No. 8 at 1.

Petitioner opposes "any communication by the Government with former counsel that does not occur in the context of a deposition or other formal judicial proceeding — save for the provision of an affidavit or declaration that is specific, and narrowly tailored to the claims of ineffective assistance of counsel raised in Lacerda's 28 U.S.C. § 2255 motion."  ECF No. 10 at 1.  "Permitting any ex parte informal discussions between former counsel and the Government would deprive Lacerda of his right to object and assert privilege on a question-by-question basis prospectively."  Id. at 9.  He argues that any interviews of his former counsel should be conducted in accordance with the Rules Governing § 2255 Proceedings and the Federal Rules of Civil Procedure and subject to a protective order.  Id.

A.  Waiver

"The Third Circuit has held that a party implicitly waives their attorney-client privilege when they place the legal

3

representation they received directly in issue." Cvjeticanin v. United States, No. 19-549, 2021 WL 2261589, at *1 (D.N.J. June 3, 2021) (citing Emmanouil v. Roggio, 499 F. App'x 195, 201 (3d Cir. 2012); Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994)). See also United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009) ("[W]hen a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); In re Lott, 424 F.3d 446, 453 (6th Cir. 2005) ("The implied waiver in habeas proceedings [is] the result of a petitioner's assertion of his own counsel's ineffectiveness."); Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) (en banc) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967) ("The privilege is not an inviolable seal upon the attorney's lips.  It may be waived by the client; and where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.").

Petitioner raises three ineffective assistance claims in his § 2255 motion: (1) Neff labored under a conflict of interest that adversely affected his representation of Petitioner; (2) Neff violated Lacerda's right to autonomy by failing to disclose information that limited Neff's representation of Petitioner; and (3) Cedrone violated Lacerda's right to counsel and autonomy by failing to file a limited appearance.  ECF No. 4 at 12-18. Petitioner has placed his former attorneys' representation of him into issue by raising ineffective assistance of counsel claims, and the Court concludes that Petitioner "has waived attorney-client privilege as to any communications with counsel 'necessary to prove or disprove his claim[s].'"  Cvjeticanin, 2021 WL 2261589, at *1 (quoting Pinson, 584 F.3d at 978) (alteration in original).

Petitioner concedes he has waived certain aspects of his of attorney-client privilege but argues the waiver is limited in its scope.  ECF No. 10 at 2.  The Court agrees that Petitioner has waived the attorney-client privilege as to the three claims raised in his § 2255 motion, and this "implicit waiver of attorney-client privilege is limited . . . to attorney-client communications that are necessary for the resolution of the claims at hand."  Ragbir v. United States, No. 17-1256, 2018 WL

1871460, at *3 (D.N.J. Apr. 19, 2018).[1]  Petitioner otherwise
retains his privilege.

B.   Production

    The Court next considers Petitioner's argument that "the
Court should not allow any manner of informal discussions
between Lacerda's former counsel and the United States."  ECF
No. 10 at 8.  "Instead, the Government's discovery into
potentially privileged areas should be obtained through a formal
deposition subject to the Federal Rules of Civil Procedure — or
a declaration or affidavit that former counsel provides without
communication with the United States."  Id.

    "A habeas petitioner, unlike the usual civil litigant in
federal court, is not entitled to discovery as a matter of
ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).
"[T]he scope and extent of such discovery is a matter confided
to the discretion of the District Court."  Id. at 909.  The
Court "may, for good cause, authorize a party to conduct
discovery under the Federal Rules of Criminal Procedure or Civil
Procedure, or in accordance with the practices and principles of
law."  28 U.S.C. § 2255 Rule 6(a).  "A party requesting
discovery must provide reasons for the request.  The request

_____

[1] This "implicit waiver of privilege generally applies equally to
attorney-client privilege and work-product privilege."  Ragbir,
2018 WL 1871460, at *3 n.5.

must also include any proposed interrogatories and requests for admission, and must specify any requested documents."  28 U.S.C. § 2255 Rule 6(b).

The United States wants to ask Neff and Cedrone about these allegations and requests the Court order them "to produce any documents on these topics (including any written communications with Lacerda and any documents memorializing communications with Lacerda):

> Oral or written communications with Lacerda about the conflict of interest; and
>
> Oral or written communications with Lacerda about pleading guilty and/or cooperating with the Government; and
>
> Any meetings or discussions referenced in Lacerda's memorandum of law and declaration.

The Government will not ask counsel about any other topics." Id. at 2.  In a supplement to its motion, the United States indicated that it "sent a copy of its initial letter motion and its reply brief to Lacerda's two former lawyers, Marc Neff, Esquire, and Mark E. Cedrone, Esquire.  In response to the mail forwarding the reply brief, Mr. Cedrone sent the attached email stating, politely, that he would not voluntarily submit to an interview by the Government.  Mr. Neff has not responded to either brief."  ECF No. 13.[2]

---

[2] Petitioner did not object to the United States filing a copy of Cedrone's response on the docket.  See ECF No. 13 at 1.

The Honorable Kevin McNulty, D.N.J., considered a similar question in Ragbir v. United States, and concluded that petitioner's former attorneys could "not be compelled to speak with the Government outside of court if they choose not to . . . but by the same token, Mr. Ragbir's former counsel cannot be barred from speaking with the government should they choose to do so . . . ."  No. 17-1256, 2018 WL 1871460, *5 (D.N.J. Apr. 19, 2018) (internal quotation marks omitted) (emphasis in original).  Judge McNulty further concluded that "[w]hile I perceive no basis to order them to appear for a meeting with the U.S. Attorney's Office, I see no reason that the government may not request that counsel submit to an interview or voluntarily produce appropriate documents."  Id.

The Court is persuaded by Judge McNulty's reasoning and conclusions.  Neff and Cedrone are experienced attorneys, and "[e]xperienced counsel should be capable of applying this ruling in good faith to preserve still-privileged material but disclose material as to which the privilege has been waived."  Id.  The United States may request an interview and documents that are within the scope of Petitioner's waiver from former counsel, but the Court will not issue an order at this time that either

requires or forbids their cooperation.[3]  Both parties may request discovery, including depositions, in accordance with the Federal Rules of Civil Procedure and Rule 6 if they deem it necessary.

C.   In Camera Review and Protective Order

As a final matter, Petitioner argues that the Court review all potentially privileged documents in camera before the United States may see them.  He also requests that all discovery should be subject to a protective order.  ECF No. 10 at 7.  The United States argues "[t]he future use of any affidavit or declaration should be decided in a future proceeding, when and if this theoretical future use ripens into an actual dispute.  The entry of a protective order now is unwarranted."  ECF No. 12 at 4.

The Court will not order blanket in camera review of materials prior to their production to the United States. Petitioner cites Johnson v. Alabama, 256 F.3d 1156 (11th Cir. 2001) in support of his request for in camera review, but that case is not binding authority on this Court and is distinguishable from the present facts.  In Johnson, the Eleventh Circuit required the district court to conduct an in camera review "in order 'to determine whether and to what extent appellant's communication presumptively protected by the

---

[3] Cedrone has already indicated that "unless the Court specifically directs me to submit to an interview . . . you should not expect much cooperation from me."  ECF No. 13-1.

attorney-client privilege is relevant to the specific ineffective assistance of counsel claims raised by appellant in his habeas petition'" prior to having an evidentiary hearing "regarding 'what petitioner told counsel about the crime and his role in it . . . .'"  256 F.3d at 1168 n.4.  "[I]f the district court found the communications relevant to accurate resolution of Johnson's ineffectiveness arguments . . . the privilege would not apply and the district court should consider the communications in analyzing Johnson's claim of ineffectiveness." Id.  Here, the Court is not about to conduct an evidentiary hearing on Petitioner's claims as such a decision is premature. See 28 U.S.C. § 2255(b) (requiring an evidentiary hearing when "the motion and the files and records of the case" do not "conclusively show that the prisoner is entitled to no relief").  Moreover, any disclosure of information is voluntary at this point and not required by Court order.  Of course, the parties may raise genuine disputes over relevancy or privilege that may arise to the Court for review.

Petitioner's request for a protective order is based on the Ninth Circuit's conclusion that "district courts have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given such access does not disclose these materials, except to

the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege." Bittaker v. Woodford, 331 F.3d 715, 727-28, (9th Cir. 2003) (en banc). See also United States v. Nicholson, 611 F.3d 191, 217 (4th Cir. 2010). This requirement is not binding precedent in the Third Circuit, but some courts within the Third Circuit have issued protective orders when ordering discovery. See United States v. Rice, No. 1:14-CR-119, 2020 WL 4015354, at *4 (M.D. Pa. July 16, 2020); Ragbir, 2018 WL 1871460 at *5.

The Court declines to issue a protective order at this time. Unlike Bittaker and Ragbir, the Court is not ordering formal discovery or requiring former counsel to produce any material. The Court has limited Petitioner's waiver of the attorney-client privilege to the claims raised in his § 2255 motion and permitted counsel to decide whether to cooperate with the United States. Counsel may decline to provide the requested information, as one of Petitioner's former attorneys has already done. ECF No. 13-1. The United States has not received a response from Neff, ECF No. 13, making Petitioner's concerns that confidential materials will be given to the United States highly speculative. This does not preclude either party from later seeking such an order, however.[4] The Court reserves the

---

[4] The United States does not oppose a protective order in principle. ECF No. 12 at 8 n.2. The Court encourages the

right to sua sponte reconsider this issue in the event further
discovery is ordered or an evidentiary hearing is necessary.

IV. CONCLUSION

The Court finds that Petitioner's claims of ineffective
assistance of counsel waive the attorney-client privilege as to
communications and work-product that are necessary to fairly
resolve the claims raised in Petitioner's § 2255 motion, ECF No.
1.  The United States may interview and seek voluntary
disclosure of documentation from Marc Neff, Esq., and Mark
Cedrone, Esq., limited to the claims asserted in the § 2255
motion.  Neff and Cedrone may, but are not required to at this
time, provide relevant information that is consistent with the
scope of the waiver as found by the Court.  The parties may
apply to the Court for formal discovery, including the taking of
depositions.

The Court declines to order in camera review of produced
materials or a protective order at this time.  The parties may
submit any genuine dispute to the Court for its review.  As
requested, the United States' answer to Petitioner's § 2255
motion will be due four weeks from the entry of this Opinion and
Order.  An appropriate order will be entered.

Dated: June 16, 2022               s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.
_____
parties to confer on the issue and, if possible, submit a
proposed order for the Court's consideration.

12